UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JOSIAH COATES,                         )
                                       )
        Plaintiff,           )
                                       )
  v.                                   )   CIVIL ACTION NO. 1:05-cv-0641(JDB)
                                       )
LAW SCHOOL ADMISSION COUNCIL,          )
                                       )
                                       )
        Defendant.           )
_____ )

## MEMORANDUM OPINION

Pro se plaintiff Josiah Coates brings this action against the Law School Admission Council (LSAC) for defamation. Currently before the Court is defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant defendant's motion.

## BACKGROUND

The following facts are alleged in plaintiff's complaint. Plaintiff took the Law School Admissions Test (LSAT) on February 12, 2005 at the American University School of Law in Washington, D.C. On March 4, 2005 plaintiff received his score and concluded that his test was incorrectly scored and was "significantly lower" than the correct score. Compl. at 1. That day, plaintiff spoke with LSAC representatives three times. Id. During the third conversation, he was informed that a review of his test score would not be conducted. Id. In keeping with LSAC policy, plaintiff's score will remain on file for five years. Id. Plaintiff is suing for damages equal

to the amount that he estimates he will lose in wages due to the unlikelihood that he will now gain admission to a competitive law school and subsequently practice law. Compl. at 2.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). The Federal Rules of Civil Procedure require only that a complaint contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharm. Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005) (quoting Conley, 355 U.S. at 47); see also Fed. R. Civ. P. 8(a). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). Conclusory legal and factual allegations, however, need not be considered by the court. Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837

(D.D.C. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## **ANALYSIS**

Plaintiff alleges that defendant's publication of his incorrectly-graded LSAT score is defamatory because the score is a false statement that injures him in the pursuit of his desired trade.[1] Defendant contends that plaintiff fails to state a claim upon which relief can be granted because an LSAT score is not capable of having a defamatory meaning and plaintiff presents no evidence showing that his score was published to a third party. Further, defendant argues that the motion to dismiss should be granted as conceded because plaintiff filed his memorandum in opposition to the motion after the deadline set forth in Local Civil Rule 7(b).

Local Civil Rule 7(b) states that if a memorandum in opposition to a motion "is not filed within the prescribed time, the court *may* treat the motion as conceded." Local Civ. R. 7(b) (emphasis added). Because plaintiff is pro se, the 13-day delay was not exceptionally egregious, and there is no evidence that suggests the delay was intentional, the Court declines to treat the motion to dismiss as conceded.

To make a prima facie case for defamation under District of Columbia law, a plaintiff must allege facts showing:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4)

---

[1] Plaintiff does not clearly state a specific cause of action but appears to raise a claim for defamation when he refers to "defendant's libel actions." See Compl. at 2. Libel is the written publication of defamatory material. Whether that written publication constitutes defamation is determined by the elements set forth in the prima facie case for defamation. See Restatement (Second) of Torts §§ 558, 568(c) (1977). Thus, the Court refers to the cause of action as defamation.

either that the statement is actionable as a matter of law irrespective of special harm, or that its publication caused the plaintiff special harm.

Crowley v. N. Am. Telecomm. Ass'n, 691 A.2d 1169, 1172 n. 2 (D.C. 1997) (internal citations omitted); Marsh v. Hollander, 339 F. Supp. 2d 1, 5 (D.D.C. 2004).  Defamation claims must be pleaded with particularity and specify the "time, place, content, speaker and listener of the alleged defamatory material."  Wiggins v. Dist. Cablevision, Inc., 853 F. Supp. 484, 494 (D.D.C 1994) (internal citations omitted); see Hoffman v. Hill and Knowlton, Inc., 777 F. Supp. 1003, 1005 (D.D.C. 1991) (stating that "the time and place of the publication should be specifically stated in the complaint").[2]

The Court concludes that a low LSAT score is not capable of having a defamatory meaning, and plaintiff therefore fails to state a claim that fulfills the first element of the prima facie case for defamation.  A statement is defamatory if it " tends to injure plaintiff in his trade or lower him in the estimation of the community or subject him to scorn, ridicule, shame, contempt or embarrassment."  Moss v. Stockard, 580 A.2d 1011, 1023 (D.C. 1990) (internal citations omitted); Marsh, 339 F. Supp. 2d at 9.  Furthermore, "an allegedly defamatory remark must be more than unpleasant or offensive; the language must make the plaintiff appear 'odious, infamous or ridiculous.'"  Howard Univ. v. Best, 484 A.2d 958, 989 (D.C. 1984) (quoting Johnson v. Johnson Publ'g Co., 271 A.2d 696, 697 (D.C. 1970)).  The low LSAT score at issue here has none of the foregoing characteristics.

To begin with, plaintiff's low LSAT score does not injure him in his trade.  Plaintiff does

---

[2] Although defamation complaints must be stated with particularity, this Circuit has ruled that heightened pleading standards do not apply in defamation actions. See Croixland Props. Ltd. P'Ship v. Corcoran, 174 F.3d 213, 215 n. 2 (D.C. Cir. 1999) (citing Fed. R. Civ. P. 9).

not allege that he is currently employed in a trade in which a low LSAT score would injure him professionally. Instead, he merely states that, if he remains at his "current job," Compl. at 2, instead of going to law school, he will have a lower salary for years to come. That may well be, but plaintiff does not allege that the publication of his score has resulted in the loss of his current job, a reduction in salary, or inability to obtain a promotion. See Marsh, 339 F. Supp. 2d at 9 (holding that a publication was not capable of having a defamatory meaning because it would "not tend to injure [p]laintiff in his profession, because it does not accuse plaintiff of any wrongful act or imply professional incompetence"). Thus, plaintiff has not adequately alleged that his low LSAT score is defamatory.

Plaintiff also fails to allege facts showing that his LSAT score has subjected him to scorn, ridicule, shame, contempt or embarrassment. A low test score may be personally discouraging, but it is unfortunately a fairly common occurrence. The test is notoriously difficult. A low score may subject the test-taker to personal disappointment, but this does not rise to the level of scorn, ridicule, shame, contempt or embarrassment. Plaintiff has presented no facts to the contrary -- he has not alleged that his score reached an audience that reacted in an adverse manner or treated him poorly as a result. In sum, a test score standing alone is not reasonably capable of having a defamatory meaning and cannot reasonably be understood in any defamatory sense. See Ruf v. Am. Broad. Co., Inc., 1999 U.S. Dist. LEXIS 1092 *20 (D.D.C. Jan. 29, 1999) (unpublished opinion) (holding that, as a matter of law, words of sympathy were capable neither of having a defamatory meaning nor of being understood in any defamatory sense).

Plaintiff has also failed to allege any facts to show that defendant published his score to a third party, the second element of the prima facie defamation test. There is no evidence that

suggests the score was communicated to anyone other than plaintiff himself. Because defamation complaints must be pleaded with particularity, and because plaintiff has failed to identify an audience that received the publication, he has therefore failed to state a claim for defamation. See Wiggins, 853 F. Supp. at 494-95 (granting summary judgment in a defamation claim in which plaintiff failed to specify to whom the allegedly defamatory statements were made).

Plaintiff's complaint therefore fails to allege facts showing that his LSAT score could be understood as defamatory and furthermore presents no facts that his score was published to a third party. The Court thus concludes that the complaint does not satisfy the first two elements of a prima facie defamation case and there is thus no need for the Court to address the third and fourth elements. Accordingly, plaintiff has not stated a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A separate order will be issued on this day.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: October 25, 2005

Copies to:

Josiah Coates
631 D St., NW #631
Washington, D.C. 20004
Telephone: (703) 963-3559
    *Pro se plaintiff*

Caroline M. Mew
Fulbright & Jaworski L.L.P.
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 662-4753
Facsimile: (202) 662-4643
    *Counsel for defendant*